**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT SPIELMANN,

Plaintiff,

CASE NO.:

v.

D'S DINER, LLC, a Pennsylvania Limited Liability Company, DANIEL DEMELLIER, individually, DENISE DEMELLIER, individually, STEVE DEMELLIER, individually, DANIELLE SIMKO, individually,

Defendants.
_________________________________/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT SPIELMANN ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, D'S DINER, LLC, a Pennsylvania Limited Liability Company ("D'S DINER"), DANIEL DEMELLIER, an Individual, DENISE DEMELLIER, an Individual, STEVE DEMELLIER, an Individual, and DANIELLE SIMKO, an Individual, (altogether collectively "Defendants") to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. §201, *et seq.*) to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

**PARTIES**

5. At all times material hereto, Plaintiff was and continues to be a resident of Luzerne County, Pennsylvania.

6. At all times material hereto, D'S DINER was and continues to be a Pennsylvania Limited Liability Company. Further, at all times material hereto, D'S DINER was and continues to be engaged in business in Pennsylvania, with its

principal place of business in Luzerne County, Pennsylvania.

7. At all times material hereto, Defendant DANIEL DEMELLIER was an individual resident of the State of Pennsylvania, Luzerne County, who owned and operated D'S DINER, LLC, and who regularly exercised the authority to: (a) hire and fire employees of D'S DINER, LLC; (b) determine the work schedules for the employees of D'S DINER, LLC; and (c) control the finances and operations of D'S DINER, LLC.

8. Defendant DANIEL DEMELLIER is an employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of D'S DINER, LLC towards Plaintiff.

9. At all times material hereto, Defendant DENISE DEMELLIER was an individual resident of the State of Pennsylvania, Luzerne County, who owned and operated D'S DINER, LLC, and who regularly exercised the authority to: (a) hire and fire employees of D'S DINER, LLC; (b) determine the work schedules for the employees of D'S DINER, LLC; and (c) control the finances and operations of D'S DINER, LLC.

10. Defendant DENISE DEMELLIER is an employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of D'S DINER, LLC towards Plaintiff.

11. At all times material hereto, Defendant STEVE DEMELLIER was an

individual resident of the State of Pennsylvania, Luzerne County, who owned and operated D'S DINER, LLC, and who regularly exercised the authority to: (a) hire and fire employees of D'S DINER, LLC; (b) determine the work schedules for the employees of D'S DINER, LLC; and (c) control the finances and operations of D'S DINER, LLC.

12. Defendant STEVE DEMELLIER is an employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of D'S DINER, LLC towards Plaintiff.

13. At all times material hereto, Defendant DANIELLE SIMKO was an individual resident of the State of Pennsylvania, Luzerne County, who owned and operated D'S DINER, LLC, and who regularly exercised the authority to: (a) hire and fire employees of D'S DINER, LLC; (b) determine the work schedules for the employees of D'S DINER, LLC; and (c) control the finances and operations of D'S DINER, LLC.

14. Defendant DANIELLE SIMKO is an employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of D'S DINER, LLC towards Plaintiff.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and PMWA.

16. At all times material hereto, Defendants were Plaintiff's "employers"

within the meaning of the FLSA and PMWA.

17. At all times material hereto, Defendant D'S DINER was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA and PMWA.

18. Based upon information and belief, the annual gross revenue of Defendant D's Diner was in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, cooking equipment, cash registers, computers and tables which were used directly in furtherance of Defendants' business.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

21. Defendants are engaged in the restaurant business.

22. On or about November 27, 2016, Defendants hired Plaintiff to work as a non-exempt, hourly-paid, line cook for Defendants' restaurant. Plaintiff's job

duties were manual in nature, and included preparing food, doing the dishes, kitchen cleaning, and attending to the garbage.

23. Plaintiff worked in the same capacity for Defendants until February 3, 2020.

24. Plaintiff was paid an hourly rate of $12.00 from November 2016 to November 2019, and an hourly rate of $13.00 from November 2019 until February 3, 2020.

25. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

26. In one month during the applicable statute of limitations, Plaintiff did not work for Defendants at all.

27. Other than the one month just mentioned, Plaintiff averaged 77 hours per week in the remaining weeks of his employment with Defendants.

28. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of all hours worked in excess of forty (40) hours in a single workweek. Specifically, Defendants paid Plaintiff only his hourly rate, with no overtime premiums.

29. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA and PMWA.

30. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

31. Defendants have violated Title 29 U.S.C. §207 and the PMWA during the term of Plaintiff's employment, in that:

a. Plaintiff worked in excess of forty (40) hours per week during his employment with Defendants;

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA and PMWA; and

c. Upon information and belief, Defendants failed to maintain proper time records as mandated by the FLSA and PMWA.

32. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Defendants were aware of all of Plaintiff's hours, and paid him for same, but refused to pay him overtime premiums, despite knowing that same were due. To the extent Defendants claim not to have known that overtime premiums were due, Plaintiff respectfully submits that failure to pay an hourly-paid line cook overtime premiums for hours over forty constitutes a reckless disregard of obligations under the FLSA and

PMWA.

33. Defendants had specific knowledge that they were paying at a regular rate for all the hours worked over forty (40) hours, but when Plaintiff complained, Defendants falsely indicated to Plaintiff that restaurants in Pennsylvania did not have to pay overtime premiums.

34. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA and the PMWA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

35. Plaintiff re-alleges and reavers paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. Throughout his employment, Plaintiff worked in excess of forty (40) hours in most workweeks.

37. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

38. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

39. Upon information and belief, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew ore reasonably should have known that same was, and is, due.

41. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA**

44. Plaintiff re-alleges and reavers paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

45. At all times relevant hereto, Plaintiff was an "employee" within the

meaning of the PMWA.

46. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

47. At all relevant times, Defendants were subject to the requirements of the PMWA.

48. The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

49. Plaintiff seeks unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

50. Defendants also failed to keep accurate records required by 34 Pa. Code 231.31.

51. Plaintiff also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, awarding Plaintiff unpaid overtime owed, all applicable pre and post judgment interest, reasonable attorneys' fees and the costs of this action, and any such further relief deemed necessary or appropriate by the Court

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 6th day of July, 2020.

Respectfully submitted,

ANGELI MURTHY, ESQ.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Counsel for Plaintiff*

**VERIFICATION**

I, ROBERT SPIELMANN, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 6/30/2020

ROBERT SPIELMANN